﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 191011-37513
DATE: April 30, 2020

ORDER

Entitlement to service connection for degenerative arthritis of the cervical spine (claimed as neck condition) is granted.

FINDING OF FACT

The Veteran was diagnosed with spine degenerative joint disease via x-ray and physical examination during a period of active service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for degenerative arthritis of the cervical spine (claimed as neck condition) have been met. 38 U.S.C. §§ 1101, 1110, 1131; 38 C.F.R. §§ 3.303, 3.309(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service in the Air Force from October 1983 to October 1987. Afterward, as a member of the Air National Guard (ANG), he had periods of active service from March 2002 to July 2002; March 2003 to February 2004; March 2005 to March 2006; July 2008 to November 2008; and, from May 2010 to August 2010. His active service included service in Southwest Asia and Afghanistan.

The Veteran perfected a Legacy appeal from a February 2015 rating decision that denied his claim. See 09/20/2015 Rating Decision – Narrative; 03/18/2015 NOD, P. 2; 09/07/2016 SOC; 09/24/2016 VA Form 9. Following issuance of a 2018 SSOC, VA informed the Veteran of his eligibility to participate in the RAMP, and he opted in for Higher-Level Review. See 04/20/2018 SSOC; 05/15/2018 Opt-In Election. VA acknowledged the Veteran’s election and informed him that his Legacy appeal was withdrawn as a result. See 08/10/2018 Appeal Notification.

An October 2018 rating denied the Veteran’s claim for purposes of RAMP. He, in turn, submitted a NOD, which restricted his appeal to the issue of his cervical spine. See 10/16/2018 Rating Decision – Narrative (date of the Notification Letter); 10/11/2019 VA Form 10182. The Board notified the Veteran that his appeal was duly docketed. See 10/18/2019 BVA Letter. Hence, the Veteran’s RAMP appeal is properly before the Board. 

Entitlement to service connection for degenerative arthritis of the cervical spine (claimed as neck condition) is granted.

General Legal Requirements

Generally, to establish a right to compensation for a present disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Under 38 C.F.R. § 3.303(b), an alternative method of establishing the second and third Shedden/Caluza elements in a claim involving a listed chronic disease, such as arthritis, as is the case in this appeal, is through a demonstration of continuity of symptomatology. Continuity of symptomatology may be established if a claimant can demonstrate (1) that a chronic disease was “noted” during service or within the applicable presumptive period; (2) evidence of post-service continuity of the same symptomatology; and, (3) medical or, in certain circumstances, lay evidence of a nexus between the present disability and the post-service symptomatology. Walker v. Shinseki, 708 F.3d 1331, 1336-38 (Fed. Cir. 2013); see also Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

Discussion

As noted earlier, the Veteran had active service from May to August 2010. See 08/05/2010 Certificate of Release. He was an aircrew member. In May 2010 he injured his neck when his head struck the aircraft cabin due to a hard landing. Upon seeking medical attention that same month, an initial assessment of neck strain was noted. See 03/05/2013 STR-Medical, 2nd Entry, P. 87. The Veteran complained of cervical radiculopathy, and at a June follow-up, cervical DJD on x-ray and physical examination was noted [x-ray revealed multilevel degenerative disc disease (DDD)]. Id., P. 83, 159. A Line of Duty Determination found the injury In Line of Duty. Id., P. 148.

Initially, the AOJ determined that, while the Veteran was treated in service, there were no chronic residuals. Then, on reconsideration, a VA examiner opined that the Veteran’s currently diagnosed DJD/DDD was due to age, anatomy, and a lifetime of wear and tear. The examiner opined that it was impossible for the extent of the Veteran’s DDD to have developed due to a 2010 injury. See 01/04/2015 VA Examination, P. 2; 02/20/2015 Rating Decision – Narrative.

 

As the representative in this case asserts, the Veteran was injured in active service, and his arthritis was diagnosed during active service. See 11/13/2017 Military Personnel Records, P. 2. Pursuant to 38 C.F.R. § 3.303(a), (b), a chronic disease diagnosed during active service will be service connected, to include after service, if there has been continuous symptomatology. 38 C.F.R. § 3.303(a), (b). The Veteran meets both elements of this standard: he was not performing active duty for training, but he was on a 90-Day active duty tour; and, arthritis is a chronic disease, 38 U.S.C. § 1101; 38 C.F.R. § 3.309(a).

The Board acknowledges that such presumptions are rebuttable, and that the examiner in essence found that the DDD shown in service had its onset prior to that time. However, the diagnosis was coincident with service and the weight of the evidence enables a finding of continuity; the same diagnosis then shown exists today. Overall, the standard for rebuttable has not been met; for the reasons stated above, service connection is warranted. 

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board W. T. Snyder

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.